UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA A.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C23-5597-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by discounting her testimony and the Appeals Council erred by failing to evaluate a newly submitted medical opinion. (Dkt. # 9.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1972, has a limited education, and has worked as a housekeeper. AR at 34. Plaintiff was last gainfully employed in 2017. *Id.* On June 16, 2020, Plaintiff applied for benefits, alleging disability as of June 24, 2018. *Id.* at 105. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 104, 117, 146-47. After

ORDER - 1

the ALJ conducted a hearing on June 16, 2022, at which Plaintiff appeared *pro se*, the ALJ issued a decision on June 29, 2022, finding Plaintiff not disabled. *Id.* at 24-36, 76-103.

Using the five-step disability evaluation process,[1] the ALJ found, in pertinent part, that Plaintiff had the severe impairments of chronic liver disease, spine disorders, hidradenitis suppurativa, carpal tunnel syndrome, and borderline intellectual functioning. AR at 27. The ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform simple, light work, limited to frequent climbing of ramps and stairs; occasional climbing of ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, and crawling; and frequent bilateral handling and fingering. *Id.* at 29.

On August 24, 2022, Plaintiff submitted to the Appeals Council an August 15, 2022 psychological evaluation conducted by Terilee Wingate, Ph.D. AR at 15-19. The Appeals Council reviewed Dr. Wingate's evaluation and concluded it "does not show a reasonable probability that it would change the outcome of the decision." *Id.* at 2. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

---

[1] 20 C.F.R. § 416.920.

1  (cited sources omitted). The Court looks to "the record as a whole to determine whether the error
2  alters the outcome of the case." *Id*.

3      "Substantial evidence" is more than a scintilla, less than a preponderance, and is such
4  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
5  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th
6  Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical
7  testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d
8  1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may
9  neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*
10 *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one
11 rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

12                                                     **IV.    DISCUSSION**

13     **A.    The ALJ Erred in Evaluating Plaintiff's Testimony**

14     Plaintiff contends the ALJ erred by rejecting her testimony based on inconsistency with
15 the medical record and her activities. (Dkt. # 9 at 3-8.) Plaintiff argues the ALJ erred by failing
16 to properly analyze the impact of her liver disease, and failing to connect the activities cited to
17 Plaintiff's specific allegations. (*Id.*) The Commissioner argues the medical evidence supported
18 the ALJ's decision, and contends the ALJ reasonably found Plaintiff's activities contradicted her
19 claims of serious difficulty sitting, standing, walking, and lifting. (Dkt. # 12 at 2, 5.)

20     Absent affirmative evidence showing a claimant is malingering, the ALJ must provide
21 "clear and convincing" reasons for rejecting a claimant's testimony. *Burrell v. Colvin*, 775 F.3d
22 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). The "clear and convincing"
23 standard does not ask "whether [the Court] is convinced, but instead whether the ALJ's rationale

ORDER - 3

is clear enough that it has the power to convince." *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff testified that she cannot sit for very long, cannot lift more than five or ten pounds, and that she gets easily winded and tired from taking a shower or making her bed and needs to sit down for a few minutes. AR at 88, 90. The ALJ found Plaintiff's testimony inconsistent with the record because: (1) the medical evidence showed unremarkable findings and treatment was conservative or not significant; and (2) Plaintiff performs household chores, has taken her father to the store or brought him medications, drives daily, makes purses and does beading, gardens, and attends church weekly. *Id.* at 32.

With regard to medical evidence, Plaintiff argues the "ALJ's failure to explain the significance of the medical evidence" was reversible error because she had 150 cysts on her liver, enlarging it so that it pressed on other organs. (Dkt. # 9 at 6.) The ALJ found Plaintiff's symptom testimony inconsistent with the medical evidence because "workup for her liver disease has been negative or unremarkable"; she has not had "significant treatment" for spine disorders or carpal tunnel syndrome; and treatment for hidradenitis suppurativa has been "conservative with medication." AR at 32.

The ALJ failed to explain how any of his findings undermine Plaintiff's specific testimony, such as, for example, being easily winded and tired. The ALJ found chronic liver disease, spine disorders, hidradenitis suppurativa, and carpal tunnel syndrome to be severe impairments, which means that each one must "significantly limit [Plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.922(a). Plaintiff is not a medical expert and her testimony is not expected to allocate her symptoms to specific impairments.

1   An ALJ is required "to specify which testimony she finds not credible, and then provide
2   clear and convincing reasons, supported by evidence in the record, to support that credibility
3   determination." *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Brown-Hunter v.*
4   *Colvin*, 806 F.3d 487, 489 (9th Cir. 2015)). Although the ALJ provided a summary of the
5   medical evidence and certain conclusions about Plaintiff's medical history, such as that liver
6   disease work-up was unremarkable, the ALJ failed to connect any of his statements to Plaintiff's
7   testimony. "[P]roviding a summary of medical evidence . . . is not the same as providing clear
8   and convincing *reasons* for finding the claimant's symptom testimony not credible.'" *Lambert v.*
9   *Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (emphasis in original) (quoting *Brown-Hunter*, 806
10  F.3d at 494). Here, the ALJ failed to provide reasons why the medical evidence contradicted any
11  of Plaintiff's testimony.[2] Accordingly, contradiction with the medical evidence was not a clear
12  and convincing reason to discount Plaintiff's testimony.

13  The ALJ's decision also fails to adequately explain how Plaintiff's activities were at odds
14  with her testimony. An ALJ may discount a claimant's testimony based on daily activities that
15  contradict her testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may
16  undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the
17  threshold for transferable work skills"). Nevertheless, "[o]nly if the level of activity were

---

[2] The Commissioner argues medical evidence of normal gait, station, motor strength and tone, and movement contradicted Plaintiff's testimony and with her claimed "extreme physical limitations . . . it is reasonable to expect . . . muscle wasting." (Dkt. # 12 at 2 (citing Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *5 (S.S.A. Oct. 25, 2017)).) However, this reasoning does not appear in the ALJ's decision as a basis to discount Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court "review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Moreover, the Commissioner's argument misrepresents SSR 16-3p, which provides an example that a claimant limited to standing and walking "no more than a few minutes a day" for the last year "would be expected to have some signs of muscle wasting as a result." SSR 16-3p at *5. Plaintiff did not testify to such extreme limitations, and thus a lack of muscle wasting does not undermine her testimony.

ORDER - 5

inconsistent with claimant's claimed limitations would these activities have any bearing on claimant's credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ failed to explain how any of the cited activities contradict Plaintiff's testimony. The ALJ simply recited Plaintiff's activities and concluded that "[t]his level of activity is incon[sistent] with her symptom allegations." AR at 32. This is insufficient under Ninth Circuit case law. *See Lambert*, 980 F.3d at 1277 ("[O]ur precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions" that claimant's testimony was inconsistent with evidence). The Court "may not 'take a general finding—an unspecified conflict between [c]laimant's testimony [and activities]—and comb the administrative record to find specific conflicts[.]" *Id.* (quoting *Burrell*, 775 F.3d at 1138).

Because the ALJ failed to provide a clear and convincing reason to discount Plaintiff's symptom allegations, the Court concludes this matter must be remanded for reconsideration of Plaintiff's testimony.

  **B. On Remand, the ALJ Should Consider New Evidence Submitted to the Appeals Council**

Plaintiff argues that Dr. Wingate's evaluation undermines the ALJ's decision because it "supported the existence of severe mental impairments" that cause limitations beyond the borderline intellectual functioning that the ALJ found severe. (Dkt. # 9 at 10.) The Commissioner agrees that this Court must consider the evaluation, but contends a medical opinion obtained after an adverse determination is of dubious value and the ALJ's decision remains supported by substantial evidence including medical opinions the ALJ found persuasive. (Dkt. # 12 at 6.)

After an examination by phone, Dr. Wingate diagnosed Plaintiff with generalized anxiety disorder, alcohol use disorder in early remission, bereavement, and learning disorder by history.

AR at 15, 17. Dr. Wingate opined Plaintiff would have marked difficulty in maintaining regular and punctual attendance, learning new tasks, and completing a normal workday and work week without interruption from psychologically based symptoms. *Id.* at 17.

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Accordingly, this Court reviews whether substantial evidence in the record as a whole, including Dr. Wingate's evaluation, supports the ALJ's decision. Because this matter must be remanded for reconsideration of Plaintiff's testimony, however, the Court concludes the ALJ should have an opportunity to review Dr. Wingate's evaluation in the context of the record as a whole.

## V.      CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony and consider Dr. Wingate's medical opinions, reassess the RFC if appropriate, and proceed to step five as necessary.

Dated this 9th day of January, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge